UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | | |
| BARBARA MARTINEZ | ) | CIVIL ACTION |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| HOFFMAN OF WEST SIMSBURY, INC. D/B/A | ) | |
| HOFFMAN TOTOTA, AND NUTMEG STATE | ) | |
| FEDERAL CREDIT UNION | ) | |
|     Defendants | ) | |
| _____) | | MAY 5, 2014 |

## COMPLAINT

1.  This is an action brought by a consumer against Hoffman of West Simsbury, Inc. d/b/a Hoffman Toyota ("Hoffman) for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*  Plaintiff also asserts pendent state law claims against Hoffman for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*  Plaintiff also asserts claims against the holder of the Contract, Nutmeg State Federal Credit Union ("Nutmeg") pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

2.  Plaintiff, Barbara Martinez, is a consumer residing in Canton, Connecticut.

3.  Hoffman is a Connecticut corporation that operates a motor vehicle dealership in Simsbury, Connecticut.

4.  Nutmeg is a federally chartered credit union with offices in Rocky Hill, Connecticut that engages in, among other things, accepting assignment of retail installment sales contracts ("RISCs").

5.  Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. § 1367 and Fed. R. Civ. P. 18(a).

6.  This Court has jurisdiction over Hoffman because it is located in Connecticut and incorporated under the laws of the state of Connecticut.

7.  This Court has jurisdiction over Nutmeg because it is located in Connecticut and regularly does business in this state.

8.  Venue in this Court is proper, because the transaction alleged herein occurred in this state.

9.  On or around March 14, 2014 Plaintiff visited Hoffman for the purpose of purchasing a 2011 Toyota Rav4 (the "Vehicle").

10.  Prior to the sale of the Vehicle to Plaintiff, Hoffman advertised the vehicle online for various prices, all less than $23,000.

11.  Hoffman sold the Vehicle to Plaintiff at a cash price of $33,694.51; an amount roughly $10,000 more than the Vehicle's fair market value, and at least $11,000 over the Vehicle's advertised price.

12.  Hoffman also credited Plaintiff with $19,800 for her trade in vehicle; an amount that was roughly $5,500 more than the actual cash value of the trade-in.

13.  By grossly inflating the Vehicle's cash price and overstating the trade in vehicle's value, Hoffman failed to provide Plaintiff with an accurate itemization of the amount financed, as required by TILA.

14.  Plaintiff suffered actual damages, because she was unaware that she owed more money on her trade-in than the trade-in's worth and, if proper disclosures had been

made, she would have had an opportunity to reconsider whether she wanted to enter into an extremely disadvantageous contract.

15.  For Hoffman's violations of TILA, Plaintiff is entitled to her actual damages, and attorneys fees and costs pursuant to 15 U.S.C § 1640.

16.  At the time of sale, although Plaintiff told Hoffman that she did not desire Guaranteed Asset Protection ("GAP") insurance or a Vehicle service contract, Plaintiff was subjected to high pressure sales tactics in order to induce her into purchasing these products.  Specifically, when Plaintiff expressed that she did not want to purchase these products, the Hoffman representative with whom she spoke insisted that Plaintiff "had to trust [him]" and refused to remove the items from the RISC.

17.  Hoffman also falsely and fraudulently told Plaintiff that the GAP insurance would cover the Vehicle if it was damaged as a total loss.

18.  In reality, because the Vehicle's value was so significantly inflated in the RISC, the GAP insurance would not have covered the majority of any deficiency following a total loss of the Vehicle.

19.  Additionally, although the vehicle had approximately 35,000 miles on it at the time of sale, the service contract represented that the mileage at the time of sale was 32,000 miles.

20.  Such misrepresentation deprived Plaintiff of the benefit of approximately 3,000 miles of coverage under the service contract's 60 month/125,000 mile coverage period.

21.  Through its above-described actions, Hoffman violated CUTPA as follows:

  a.  Through engaging in conduct in violation of TILA, as described above, Hoffman violated CUTPA.

3

   b.  Hoffman violated Conn Agencies Regs. § 42-110b-28b(1) by selling the
       Vehicle for a cash price higher than the advertised cash price.

   c.  Hoffman engaged in unfair or deceptive acts or practices by pressuring
       Plaintiff into purchasing GAP insurance and/or a vehicle service contract
       that she did not desire.

   d.  Hoffman engaged in unfair or deceptive acts or practices through its
       misrepresentations concerning the coverage Plaintiff would receive from
       the GAP insurance in the event of a total loss.

   e.  Hoffman engaged in unfair or deceptive acts or practices when it
       misrepresented the Vehicle's mileage on the Vehicle service contract.

   f.  Hoffman engaged in unfair or deceptive acts or practices through selling
       the Vehicle at a price that exceeded the fair market value of the vehicle by
       approximately $6,000 (after the overallowance on the trade-in is taken into
       account).

22.  As a result of the conduct of Hoffman, Plaintiff suffered ascertainable losses
and damages, including, but not limited to, an increased Vehicle purchase price,
increased interest associated with the increased amount financed on the RISC, increased
sales tax, purchase of products which plaintiff could not use, or did not desire, and
deprivation of coverage under the Vehicle service contract

23.  For Hoffman's violations of CUTPA, Plaintiff is entitled to her damages plus
punitive damages and a reasonable attorney's fee.

24.  Pursuant to the terms of the contract, Nutmeg is liable to Plaintiff for all
claims asserted under the Contract up to the amounts paid under the contract, and

4

because Hoffman was provided with written notice of Plaintiff's claims, its liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

**Wherefore, Plaintiff claims,** actual damages pursuant to 15 U.S.C. § 1640(a)(1),

statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. §

1640(a)(3); actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory

punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); and attorney's fees

pursuant to Conn. Gen. Stat. § 42-110g(d).

PLAINTIFF, BARBARA MARTINEZ

By: /s/ Hailey Gallant Rice____
    Daniel S. Blinn, ct02188
    dblinn@consumerlawgroup.com
    Hailey Gallant Rice, ct29150
    hgrice@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457